NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAFAEL NAVEDO, JR. | : | |
| | : | Civil Action No. 05-681 (FLW) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Respondent | : | |

<u>APPEARANCES</u>

For Plaintiff:

RAFAEL NAVEDO, JR., PRO SE
#40755-50
FCI FAIRTON
P.O. BOX 420
FAIRTON, NJ 08320

For Defendant:

RONALD CHILLEMI
OFFICE OF THE U.S. ATTORNEY
CAMDEN FEDERAL BUILDING
401 MARKET STREET
P.O. BOX 1427
CAMDEN, NJ 08101

**<u>WOLFSON, United States District Judge</u>**

This matter was opened to the Court by Petitioner Rafael Navedo, Jr. ("Petitioner"), <u>pro se</u>, seeking to vacate, pursuant to 28 U.S.C. § 2255 ("§ 2255"), his sentence imposed on February 27, 2004 of 77 months of imprisonment and 3 years of supervised release as a result of his guilty plea to a four-count information for bank robbery in violation of 18 U.S.C. § 2113(a) and 2.

Petitioner contends that the Court violated his Sixth Amendment rights under the United States Constitution because his sentence was "enhanced erroneously." The Court has considered the parties' papers pursuant to Fed.R.Civ.P. 78, and for the reasons stated below, Petitioner's § 2255 motion is denied.

I.   BACKGROUND

On October 31, 2003, Petitioner entered a plea of guilty to a four-count information charging him with bank robbery, in violation of 18 U.S.C. § 2113(a) and 2. In a judgment dated February 27, 2004, the Court determined that Petitioner's total offense level was 25. See Judgment in Criminal Case No. 03-779 (FLW), at Statement of Reasons. The Court also found that Petitioner had a criminal history category of III pursuant to § 4B1.1 of the Federal Sentencing Guidelines. See id. Combined with his offense level of 25, Petitioner had a Guidelines range of 70 to 87 months in prison. See id. The Court ultimately sentenced Petitioner to 77 months of imprisonment, followed by 3 years of supervised release. See Judgment in Criminal Case No. 03-779 (FLW). Petitioner did not file a direct appeal of his sentence to the United States Court of Appeals for the Third Circuit.

On or about February 3, 2005, Petitioner timely filed a § 2255 motion to vacate, set aside or correct the February 27, 2004 sentence. Petitioner claims that in light of Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), the Court violated his Sixth Amendment rights under the United States Constitution because his sentence was "enhanced erroneously." He seeks to have the Court "correct [his] sentence Base Offense Level of 20, Criminal History Category III, for a total sentence of Forty-One (41)

2

months." He claims that he "did not willfully sign his plea agreement knowing that he would be receiving additional offense levels, to exceed the base level of 20." Petitioner also states that if the Court denies the requested relief, he "withdraws this Instant Plea-Agreement, that was made in error ... and move for a new trial."

## II.     DISCUSSION

At the outset, the Court notes that Petitioner's reliance on Blakely is misplaced. Apprendi v. New Jersey, 530 U.S. 466 (2000), established that, at sentencing, a judge could enhance a sentence based on facts, other than a prior conviction, not admitted by the defendant or found by the jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum. See Apprendi, 530 U.S. at 490. Blakely simply extended Apprendi and found that the State of Washington's determinate-sentencing scheme violated the Sixth Amendment right to a jury trial because judges were imposing sentences that were not based solely on the facts reflected in the jury verdict or admitted by the defendant, and were using a preponderance of the evidence standard to find the facts necessary to that imposition. See Blakely, 124 S.Ct. at 2536-39. The Blakely court also found that the "statutory maximum" for Apprendi purposes, is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See id. at 2537 (internal citation omitted). However, Blakely expressly reserved decision on whether such rule also applies to the Federal Sentencing Guidelines. See id. at 2538. The Supreme Court in United States v. Booker, 125 S.Ct. 738 (2005) subsequently applied Blakely's holding to such Guidelines. Therefore, Petitioner must demonstrate that Booker, not Blakely, is retroactively applicable to his case.

In the instant matter, the Court finds that Petitioner does not have a valid § 2255 claim.

The Third Circuit has unequivocally held that Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker was issued.  See Lloyd v. United States, No. 04-3549, 2005 WL 1155220 (3d Cir. May 17, 2005) (stating that "[e]very federal court of appeals to have considered whether Booker's new rule constituted a 'watershed' rule that would satisfy [the ruling in Teague v. Lane, 489 U.S. 288 (1989)] has held that it does not, and thus, has held that Booker does not apply retroactively to cases on collateral review." (citations omitted)).  Here, Petitioner did not file a direct appeal to the United States Court of Appeals for the Third Circuit.  If a defendant does not pursue a timely direct appeal to the court of appeals, his conviction and sentence become final on the date on which the time for filing such an appeal expired.  See Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999); Miller v. Dragovich, 311 F.3d 574, 579 (3d Cir.2002).  In a criminal case, a defendant's notice of appeal must be filed within 10 days after the later of the entry of judgment or the filing of the government's notice of appeal.  See Fed.R.App.P. 4(b)(1)(A).  Therefore, Petitioner's judgment became final on March 12, 2004[1]  This date is 10 months prior to the issuance of the decision in Booker.  Thus, under Lloyd, Petitioner clearly does not have a viable § 2255 claim.

**III.   CONCLUSION**

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct his February 27, 2004 sentence pursuant to 28 U.S.C. § 2255 is hereby denied.  The Court will issue an

---

[1] Under Fed.R.App.P. 26(a)(2), Saturdays, Sundays and legal holidays are excluded from the computation of time.  Therefore, the 10-day period in which Petitioner had to file an appeal expired on March 12, 2004.  See Fed.R.App.P. 26(a)(2)-(3).

appropriate order.

Date: June 17, 2005

                                                      S/ Freda L. Wolfson
                                                      Honorable Freda L. Wolfson
                                                      United States District Judge